UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ALLAN AULD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:16-cv-00063-RLY-MPB |
| ) | |
| RIPCO, LTD., ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Allan Auld, brought suit against Defendant, Ripco, Ltd., seeking damages for breach of contract. Ripco moves to dismiss Auld's Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). For the reasons set forth below, Ripco's Motion to Dismiss is **GRANTED**.

**I.     Background**

According to the Complaint, Ripco offered Auld employment in February 2013 and, as a result, he relocated from Atlanta, Georgia to Jasper, Indiana to begin working in December 2013. (Filing No. 1-1, Complaint ¶¶ 2-4). In June 2014, Ripco terminated Auld's employment. (*Id.* ¶ 6). Subsequently, Ripco failed to pay him his annual performance bonus of $35,000. (*Id.* ¶¶ 5-6). After termination, both parties agreed that Auld would work on a consulting project for Ripco that was to last between nine and twelve months for which Auld would have earned between $80,000-85,000. (*Id.* ¶ 7). Auld claims that he relied on this promise to his detriment and suffered lost income from

1

September 2014 through March 2015.  (*Id.* ¶ 12).  Consequently, Auld brings claims for breach of contract, promissory estoppel, and attorneys' fees.  (*Id.* ¶¶ 9-14).

On August 17, 2015, Auld filed the Complaint in the Superior Court of Cobb County, Georgia.  Ripco removed the case to the United States District Court for the Northern District of Georgia on September 25, 2015, based on diversity jurisdiction[1].  On October 2, 2015, Ripco filed a motion to dismiss or, in the alternative, to transfer the case to this court.  Ripco's motion was based, in part, on improper service.  Ripco offered a sworn affidavit by its President, Gary Sorgius, who testified that neither he nor any other officer of Ripco had been personally served as required by both Georgia law and the Federal Rules of Civil Procedure.  (Filing No. 21-1, Sorgius Declaration ¶ 2).

Auld responded that Captain Charles Helderman of the Knox County Sheriff's Office personally served the Summons and Complaint on September 6, 2016, and submitted the Entry of Service, (Filing No. 34-1), and Service Report, (Filing No. 6-2 at 2), as evidence.  In the Entry of Service, Captain Helderman verifies that he personally served someone, but he does not actually indicate who.  The form contains a blank for the officer to write who he/she served, but Captain Helderman did not write anything in that field.  The Service Report appears to be a printout from a database of some kind.  It identifies the cause number, the parties, and Ripco's address.  It also states, "PERSONAL

---

[1] Ripco is an Indiana corporation, with its registered agent—Gary Sorgius—in Vincennes, Indiana and its principal place of business in Indiana. (Compl. ¶ 1).  Auld is a citizen of Georgia. (Filing No. 1-3 at 1).

SERVED (sic) TO GARY SORGIUS WITH RIPCO LTD ON 9/06/15 BY CAPTAIN HELDERMAN." However, unlike the Entry of Service, the Service Report is not signed.

On April 29, 2016, Judge Orinda D. Evans granted Ripco's motion in part, thereby transferring the matter to this court. Judge Evans held that Ripco "succeeded in discharging its burden of demonstrating by clear and convincing evidence that service was improper." (Filing No. 15 at 6). In reaching her decision, Judge Evans recognized that, although the Entry of Service was prima facie proof of the facts stated therein, it was not conclusive. Judge Evans noted that Captain Helderman did not sign the Service Report or state that it was executed based on personal knowledge. Thus, Judge Evans determined the statements contained within the Service Report constituted hearsay and were directly contradicted by Sorgius' sworn declaration. (*Id.* at 5-6). In his declaration, Sorgius stated that Ripco had only been served via U.S. Mail. (Sorgius Dec. ¶ 2).

Despite Auld's lack of sufficient service, Judge Evans offered Auld the opportunity to perfect service in accordance with the federal rules. *See* 28. U.S.C. § 1448. Accordingly, Judge Evans denied Ripco's motion to dismiss, with leave to renew, and instructed Auld to complete service in accordance with Rule 4(h).

Ripco filed the instant motion on May 12, 2016, thirteen days after Judge Evans' Order.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal due to insufficient service of process. *See* Fed. R. Civ. P. 12(b)(5). To withstand a 12(b)(5) motion, the plaintiff bears the burden of proving the validity of service. *Cardenas v. City of Chi.*, 646

F.3d 1001, 1005 (7th Cir. 2011). In determining whether the plaintiff has properly served the defendant, the facts are viewed in a light most favorable to the non-moving party. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782-83 (7th Cir. 2003). The court may consider affidavits and other documentary evidence when making a ruling regarding jurisdiction. *Id.*

Where there has been insufficient process, the court does not have personal jurisdiction over a defendant. *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). Further, a defendant's actual notice of litigation is insufficient to satisfy Rule 4. *Id.* Motions to dismiss shall be granted sparingly so parties are not denied the chance to have their substantive claims heard. *See Kingwood Oil Co. v. Bell*, 204 F.2d 8, 13 (7th Cir. 1953).

Because this case has been properly removed to federal court, the federal rules apply. Thus, the burden of demonstrating that Ripco has been properly served rests with Auld.

## III. Discussion

Ripco has essentially renewed the motion to dismiss it submitted to Judge Evans. It asserts that service of process was insufficient prior to this matter being removed and remains improper since Auld has failed to follow Judge Evans' instructions. Ripco's motion presents two issues: (1) whether to adopt Judge Evans' finding that Auld's attempts at service through April 29, 2016 were insufficient as a matter of law; and (2) if yes, whether Auld perfected service after April 29, 2016.

4

### A. Law of the Case Doctrine

First, Ripco invokes the law of the case doctrine, and contends that Auld is advancing the same arguments Judge Evans rejected in her April 29 Order. The law of the case doctrine applies when a case is transferred from one district court to another and "provides that courts should refrain from reopening issues decided in earlier stages of the same litigation." *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). *See Brengettcy v. Horton*, 423 F.3d 674, 680 (7th Cir. 2005) ("[A] successor judge should not reconsider the decision of a transferor judge at the same hierarchical level of the judiciary when a case is transferred."). This doctrine "reflects the rightful expectation of litigants that a change of judges mid-way through a case will not mean going back to square one." *Best v. Shell Oil Co.*, 107 F.3d 544, 546 (7th Cir. 1997).

However, the law of the case doctrine does not bind the transferee court when it finds that the decision by the transferor court is clearly erroneous. *McMasters*, 260 F.3d at 818. In *McMasters*, the Illinois district court—the transferee court—found a decision of the California district court to be clearly erroneous because the transferor court deemed service proper even though the plaintiff failed to serve the defendant. Consequently, the transferor court was not bound by the prior decision and found that service of process was insufficient because McMasters failed to personally serve the U.S. Attorney. *Id.* at 816-17.

### B. Whether to Adopt Judge Evans' Findings

Judge Evans found Auld's service of process to be improper. Therefore, the issue of insufficient service through April 29, 2016 has been settled and the court shall be bound by Judge Evans' findings unless they are clearly erroneous.

The decision by Judge Evans is not clearly erroneous. Sorgius stated under penalty of perjury that "Ripco has never been personally served with the Summons or Complaint in this case." (Sorgius Dec. ¶ 2). Ripco received a copy of the Complaint via U.S. Mail, (*Id.* ¶ 3), but service by mail alone is improper under federal law. Fed. R. Civ. P. 4(h)(1)(B). Auld argued that Captain Helderman's Entry of Service and the Knox County Service Report demonstrate he satisfied his burden of proving proper service of process. Judge Evans rightly disagreed. The Entry of Service fails to state who Captain Helderman personally served and the Service Report constitutes inadmissible hearsay. Fed. R. Evid. 801.

Similar to the plaintiff in *McMasters* who mailed a copy of the summons and complaint to the U.S. Attorney but failed to deliver the documents via personal service, Auld mailed the summons and complaint to Ripco but failed to perfect service by personally serving Ripco's registered agent. Unlike the transferor court's incorrect ruling in *McMasters*, Judge Evans of the Northern District of Georgia correctly found that Auld failed to properly serve Ripco. Accordingly, the law of the case doctrine applies and the court is bound by Judge Evans' April 29 Order.

### C. Whether Auld Perfected Service After April 29, 2016

Judge Evans found service of process improper through April 29, 2016. Therefore, the only remaining issue before the court is whether Auld made any personal service attempts after April 29 in compliance with Rule 4(h). In answering this question, federal law applies.

Rule 4(h)(1) provides that a domestic or foreign corporation must be served in a judicial district of the United States (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual"; or (B) "by delivering a copy of the summons and of the complaint to an officer" of the corporation and by also mailing a copy of the summons and complaint to the defendant. Fed. R. Civ. P. 4(h). The court finds Auld has failed to cure his deficient service. Auld was instructed by Judge Evans on April 29 to complete service in compliance with Fed. R. Civ. P. 4(h). However, the facts and evidence that existed at the time of Judge Evans' findings remain unchanged. Auld has still not perfected service. Auld failed to personally deliver the Summons and Complaint in the manner prescribed under Rule 4(e)(1) for serving an individual or by delivery.

Auld claims that he is "in the process of procuring a signed Affidavit from Captain Charles Helderman," (Filing No. 34 at 1), but, as of the date of this Entry, no affidavit has been submitted. Auld also states that he will serve another copy of the Complaint on Sorgius if needed. Yet, that is exactly what the Georgia district court directed Auld to do in May. Thus, Auld was already given a second opportunity to perfect service.

Auld failed to satisfy his burden of proving the validity of service. Thus, the court lacks personal jurisdiction over Ripco. Even though Ripco admitted that it received

notice of the suit, (Sorgius Dec. ¶ 3), actual notice is insufficient to comply with the directives of Rule 4.  Granting Ripco's Motion to Dismiss does not deny Auld the chance to have his substantive claim heard because Auld has already been given an opportunity to perfect service.  Accordingly, dismissal is proper under Fed. R. Civ. P. 12(b)(5).

**IV. Conclusion**

For the foregoing reasons, Ripco's Motion to Dismiss (Filing No. 19) is **GRANTED**.  Auld's Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Clerk is **DIRECTED** to close this case forthwith.

**SO ORDERED** this 6th day of July 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.